No. 05-311

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 140N

IN RE THE MARRIAGE OF
PAMELA SIETSMA,

          Petitioner and Respondent,

     and

EDWARD J. SIETSMA,

          Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. ADR-04-051
                Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

          For Appellant:

                Edward J. Sietsma, *pro se*, Great Falls, Montana

          For Respondent:

                David G. Dennis, J. Cory Allen; Church, Harris, Johnson
                & Williams, Great Falls, Montana

                              Submitted on Briefs:  June 1, 2006

                                      Decided:  June 27, 2006

Filed:

          _____
                              Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Edward J. Sietsma (Edward), appearing *pro se*, appeals from the findings of fact, conclusions of law and decree of dissolution of his marriage to Pamela Sietsma (Pamela) entered by the Eighth Judicial District Court, Cascade County. Before the hearing on Pamela's petition for dissolution, Edward's counsel Mark Bauer twice moved to withdraw as counsel. Along with his second motion—which Bauer served on Edward by mail in December of 2004, Bauer submitted certain correspondence and affidavits. In his affidavit, Bauer stated Edward had incurred attorney's fees in excess of the $2,000 Edward had paid him. Bauer's assistant stated in her affidavit that, after the hearing on Bauer's first motion to withdraw, Edward had obtained copies of all documents in his file. The District Court granted Bauer's second motion to withdraw in December of 2004.

¶3 In March of 2005, the court held a hearing on the petition for dissolution, at which Edward stated the clerk's office informed him two days before the hearing that Bauer's second motion to withdraw had been granted. The court read into the record a letter from Edward to Bauer stating, among other things, that "[a]fter the return of all my monies,

documents and disc, I will no longer be in need of you." In response to the court's questions, Edward stated he had not received any money from Bauer, he did not know what he would do about it because the "only issue" was his desire to see his daughter, and he had no money to hire a different lawyer. The court asked if Edward planned to pursue recovery of the money, and Edward replied, "[t]he money is not important." The court asked if Edward was ready to proceed, Edward moved for a continuance, the court denied his motion as untimely, and the hearing took place. Later, the court entered the decree of dissolution providing, among other things, that the parties had already equitably divided their personal property and that the daughter would live with Pamela, Edward would have supervised visitation upon proof of enrollment in certain treatment programs, and the parties would reevaluate visitation after Edward completed treatment and then submitted to random urinalysis tests for one year.

¶4     On appeal, Edward asserts he "complied with all issues of the court and yet was not granted 'any' visitation with the daughter he loves so much," Pamela has "violated all issues," Pamela hid and possibly spent money from a settlement related to Edward's prior work-related injury, and the District Court did not award him any money or property. He also contends the District Court improperly granted Bauer's second motion to withdraw based on perjurious statements, the court did not require Bauer to return money or documents to him, Bauer did not adequately represent him prior to his withdrawal, Bauer did not inform him that he was moving to withdraw as counsel and certain documents were released to the District Court and opposing counsel in violation of the attorney-client privilege. He further asserts it is impossible for him to retain a different attorney because Bauer has not returned

3

any money or certain original documents and court discs.  He argues Bauer has caused harm and distress to his relationship with his daughter.  Edward does not appeal from the denial of his request for a continuance.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record that this appeal is without merit because Edward waived the issues he raises on appeal regarding his former counsel, the District Court's findings of fact are clearly supported by the evidence and not otherwise clearly erroneous, and the conclusions of law are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶6     Affirmed.


                                        /S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE